VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-201



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2024

State of Vermont v. Jeffrey Rivard\*

}  APPEALED FROM:
}  Superior Court, Windham Unit,
}  Civil Division
}  CASE NO. 91-1-20 Wmcr
   Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the trial court's denial of his request to seal or expunge various records.  We affirm.

The record indicates the following.  In January 2020, defendant was charged with one count of a hate-motivated simple assault and one count of violating the conditions of his pretrial release.  The State filed a copy of defendant's criminal record provided by the National Crime Information Center (NCIC), along with the information and a supporting affidavit of probable cause.  The NCIC information was confidential and was not publicly accessible.  Defendant's criminal history included information about a juvenile charge in Maine for theft by unauthorized taking or transfer.  In January 2021, the court held a competency hearing and a doctor's evaluation was submitted into evidence by stipulation.  Defendant was deemed competent to stand trial.

In February 2022, the State dismissed the criminal charges against defendant without prejudice.  In May 2022, defendant moved to expunge or seal this case.  The State objected "in the interests of justice" to sealing or expunging the record until a related case, State v. Rivard, Case No. 22-CR-02211, was resolved.  See 13 V.S.A. § 7603(a) (providing that "[u]nless either party objects in the interests of justice, the court shall issue an order sealing the criminal history record related to the citation or arrest of a person . . . within 60 days after the final disposition of the case if . . . the charge is dismissed before trial without prejudice").  Following a hearing, the court issued a July 15, 2022 order directing that the record in the instant case be sealed upon the conclusion of Case No. 22-CR-02211.  This order was not appealed.  The related case remains pending.

In April 2023, defendant filed a request to redact or make confidential the reference to his Maine juvenile case within his criminal history under Rule 9 of the Vermont Rules for Public

Access to Court Records. He referenced other Vermont criminal cases in which he was a defendant.

In May 2024, defendant filed a similar motion. He again cited Rule 9 and asked the court to seal his juvenile history information as well as the competency evaluation in the instant case.

The court denied defendant's request in part in a May 16, 2024 entry order as to sealing his juvenile history information. It explained that defendant sought relief under Public Access Rule 9, which provides that "the court may in a particular case seal from public access an otherwise public court record, or may redact information from or seal a portion of a public record." V.R.P.A.C.R. 9(a)(1); see also V.R.P.A.C.R. 9(a)(4)(B) (recognizing that "moving party has the burden of establishing the required grounds for sealing or redacting any new filing, or existing court record, by clear and convincing evidence"). The court noted that, under Public Access Rule 6, criminal history records filed with the court were not publicly accessible case records. The court thus denied defendant's request to redact his criminal history record because the document was not a publicly accessible record. The court provided the State several weeks in which to respond to defendant's request to seal the competency report.

The State did not file a response, and in a July 2024 entry order, the court denied defendant's request to seal the competency evaluation on similar grounds. It explained that under Public Access Rule 6(b)(3), the public did not have access to "any evaluations of competency to stand trial and/or sanity." Therefore, the document was not accessible by the public. Defendant also cited the Health Insurance Portability and Accountability Act (HIPAA) and 12 V.S.A. § 1612 in support of his request. The court explained that it was not a covered entity under HIPAA and 12 V.S.A. § 1612 did not apply to the court. Defendant then appealed to this Court.

Defendant appears to assert that the criminal charges in this case and all record material should have been expunged. He also contends that Vermont authorities were required to notify the NCIC that a Maine juvenile case was included in defendant's criminal history. Defendant fails to show that he raised the latter argument below and we therefore do not address it. See In re S.B.L., 150 Vt. 294, 297 (1988) (explaining that appellant bears burden of demonstrating how trial court erred warranting reversal, and Supreme Court will not comb record searching for error); see also V.R.A.P. 28(a)(4) (providing that appellant's brief must explain what issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to authorities, statutes, and parts of record relied upon).

Defendant did not timely appeal the court's order granting his request to seal this case upon the completion of a related case. We therefore lack jurisdiction to consider defendant's challenge to this order. Even if the appeal were timely, we would find no error. Defendant's request to seal the record was granted. We note that the law provides a process for expungement, the prerequisites of which are not satisfied here. See 13 V.S.A. § 7603(f) ("Unless either party objects in the interests of justice, the court shall issue an order to expunge a record sealed pursuant to subsection (a) or (g) of this section eight years after the date on which the record was sealed."); id. § 7603(e)(2) (allowing court to expunge "a criminal history record related to the citation or arrest of a person . . . at any time if the prosecuting attorney and the defendant stipulate that the court may grant the petition to expunge the record").

To the extent that defendant challenges the merits of the court's rulings with respect to the relief he sought under the Rules for Public Access to Court Records, there was no error in the

2

court's decisions.  If defendant seeks expungement of the Maine criminal record, he must pursue such relief in the Maine courts.  We have considered all arguments discernable in defendant's brief and find them without merit.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

3